HEATHER E. WILLIAMS, Bar #122664
Federal Defender
ERIC V. KERSTEN, Bar #226429
MATTHEW LEMKE, D.C. Bar #1023347
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, CA  93721-2226
Telephone: (559) 487-5561

Attorney for Defendant
DANIEL VINCENT SALAZAR, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00025-NONE-SKO |
| *Plaintiff,* | STIPULATION TO CONTINUE STAUS CONFERENCE; ORDER |
| v. | |
| DANIEL VINCENT SALAZAR, JR., | DATE:   November 30, 2020<br>TIME:    1:00 p.m.<br>JUDGE:  Hon. Sheila K. Oberto |
| *Defendant.* | |

This case is set for a status conference on August 17, 2020.  This Court has issued General Orders 611-620 to address public health concerns related to COVID-19, including the temporary suspension of jury trials and restrictions on access to court buildings.  Initially the Fresno courthouse was closed through June 15, 2020, but it has since been closed until further notice.

Although the General Orders address district-wide health concerns, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings,

there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). When continued, this Court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**IT IS HEREBY STIPULATED** by and between the parties, through their respective counsel, that the status conference scheduled for August 17, 2020, may be continued to November 30, 2020.  It is further stipulated that a discovery motion briefing schedule be set with any motion due by October 13, 2020; any opposition due by November 16, 2020; and the hearing occurring on November 30. 2020.

The government has provided initial discovery but Mr. Salazar is requesting additional materials. This continuance is requested to allow time for additional defense investigation and preparation; and to allow time for the parties to attempt to resolve any discovery disputes; and to file a motion regarding any remaining issues.

The parties agree the delay resulting from this continuance shall be excluded under the Speedy Trial Act in the interests of justice, including but not limited to, the need for the period of time set forth herein for effective defense preparation, defense investigation and plea negotiations; and for the filing and ruling on any motion pursuant to 18 U.S.C.  §§ 3161(h)(1)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

          Respectfully submitted,

          McGREGOR W. SCOTT
          United States Attorney

DATED:  August 12, 2020          /s/ *David L. Gappa*
          DAVID L. GAPPA
          Assistant United States Attorney
          Attorney for Plaintiff

          HEATHER E. WILLIAMS
          Federal Defender

DATED:  August 12, 2020          /s/ *Eric V. Kersten*
          ERIC V. KERSTEN
          MATTHEW LEMKE
          Assistant Federal Defenders
          Attorney for Defendant
          DANIEL VINCENT SALAZAR, JR.

**ORDER**

The court has reviewed and considered the stipulation that the parties filed on August 12, 2020. Based on the reasons articulated in that filing, the court finds good cause to move the current status conference from August 17, 2020, to November 30, 2020, and to exclude time under the Speedy Trial Act under 18 U.S.C.§ 3161(h)(7)(A), and (B)(iv), because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **August 12, 2020**                        /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE